Matter of Fabiola A. v Salvador A.G. (2024 NY Slip Op 03323)

Matter of Fabiola A. v Salvador A.G.

2024 NY Slip Op 03323

Decided on June 18, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 18, 2024

Before: Manzanet-Daniels, J.P., Kennedy, Scarpulla, Shulman, Higgitt, JJ. 

Docket No. V-00174/18, V-00175/18, V-00177/18, V-00178/18 Appeal No. 2513 Case No. 2022-05683 

[*1]In the Matter of Fabiola A., Appellant,
v
Salvador A.G., Respondent.

Steven P. Forbes, Huntington, for appellant.
Law Office of Lewis S. Calderon, Jamaica (Lewis S. Calderon of counsel), for respondent.
Janet Neustaetter, The Children's Law Center, Brooklyn (Leah Edmunds of counsel), attorney for the children.

Order, Family Court, Bronx County (Llinét M. Rosado, J.), entered on or about November 29, 2022, which denied petitioner mother's motion to vacate a final custody order, same court and Judge, entered upon her default on February 28, 2022, which, after an inquest, awarded respondent father custody of the two subject children, unanimously affirmed, without costs.
Family Court providently exercised its discretion in denying the mother's motion to vacate her default for not appearing at the fact-finding hearing because her moving papers failed to demonstrate a reasonable excuse for her absence (see Matter of Kerry L. v Chantelle Monique J., 209 AD3d 585, 585 [1st Dept 2022]). Although the mother asserted in support of her vacatur motion that she failed to appear because she could not locate any court personnel to direct her to the hearing, her claim was insufficient to establish a reasonable excuse for her default. At a minimum, the mother did not explain why she did not contact her attorney or the court (see Matter of Tyrone F. v Mariah O., 165 AD3d 433, 433 [1st Dept 2018]). Moreover, the mother's purported excuse for failing to appear conflicts with her prior trial counsel's representation to Family Court that the mother did not appear due to "personal reasons".
This Court need not consider whether the mother established a potentially meritorious defense to the father's custody petition because she failed to establish a reasonable excuse for her default (see Matter of Matthew C. v Robin B., 162 AD3d 436, 436 [1st Dept 2018]). Even if the Court were to review the issue, the mother does not claim on appeal that she raised a meritorious defense, nor does she address the father's fact-finding testimony that he had been caring for the children without her assistance since March 2018. She also never addressed the fact that the attorney for the children (AFC), reported, while the vacatur motion was pending, that the children wished to continue living with the father.
As to the mother's assertion that she was deprived of the effective assistance of counsel, we find that she failed to sustain her burden of demonstrating that she was denied meaningful representation, and that the deficient representation resulted in actual prejudice (see Matter of Asia Sabrina N. [Olu N.], 117 AD3d 543, 544 [1st Dept 2014]). The mother contends that her counsel was ineffective because the mother's affidavit annexed to the motion was not notarized. Nevertheless, even though it was not notarized, the court considered — and rejected — the mother's factual claims in her affidavit. Thus, the mother was not actually prejudiced by the procedural defect (see People v Street, 212 AD3d 657, 658 [2d Dept 2023]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 18, 2024